Filing # 155574907 E-Filed 08/17/2022 07:58:37 PM

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR OKALOOSA COUNTY, FLORIDA

**LINDA DEVORE,**

      **Plaintiff,**

v.

**NORTHWEST FLORIDA STATE**
**COLLEGE,**

      **Defendant.**

_____/

CASE NO.:   **22-CA-**  2609
**FLA BAR NO.: 0739685**

**SUMMONS**

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **NORTHWEST FLORIDA STATE COLLEGE**
      **C/O Lori Kelley – Chairman of Board**
      **100 College Blvd E**
      **Niceville, Florida 32578**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____ 08/18 , 2022.

                     CLERK OF THE CIRCUIT COURT

                     By: _Krystina Morgan_____

"If you are a person with disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:

> **Court Administration, ADA Liaison**
> **Okaloosa County**
> **1940 Lewis Turner Boulevard**
> **Fort Walton Beach, Florida 32547**
> **Phone (850) 609-4700 Fax (850) 651-7725**
> **ADA.Okaloosa@flcourts1.gov**

At least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR OKALOOSA COUNTY, FLORIDA

**LINDA DEVORE,**

       **Plaintiff,**

v.

**NORTHWEST FLORIDA STATE
COLLEGE,**

       **Defendant.**

_____/

**CASE NO.: 22-CA-**
**FLA BAR NO.: 0739685**

## COMPLAINT

Plaintiff, LINDA DEVORE, hereby sues Defendant, NORTHWEST FLORIDA STATE

COLLEGE, and alleges:

## NATURE OF THE ACTION

1.    This is an action brought under 29 U.S.C. §621 et seq. involving claims which

are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and

interest.

## THE PARTIES

2.    At all times pertinent hereto, Plaintiff, LINDA DEVORE, has been a resident of

the State of Florida and sought employment by Defendant. Plaintiff is a member of a protected

class due to her age.

3.    At all times pertinent hereto, Defendant, NORTHWEST FLORIDA STATE

COLLEGE, has been organized and existing under the laws of the State of Florida. At all times

pertinent to this action, Defendant has been an "employer" as that term is used under the applicable

laws identified above. Defendant was interviewing for an attorney position and was an applicant for employment with Defendant.

## CONDITIONS PRECEDENT

4.  Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

5.  Plaintiff, who is 70 years of age, sought employment with Defendant for the position of AVP/ General Counsel on or about October 28, 2020, but was not selected in favor of a younger, less qualified candidate.

6.  The disparate treatment came at the hands of specifically but not limited to Executive Director Human Resources & Equity Officer Roberta Mackey ("Mackey"), College President G. Devin Stephenson ("Stephenson"), and Committee Members Christie Kedrowski ("Kedrowski"), Randall White ("White"), Deidre Price ("Price") and Nate Slator ("Slator").

7.  On October 28, 2020, Plaintiff prepared a cover letter and submitted it with other requested materials to the hiring committee at Northwest Florida State College for the position of AVP/General Counsel with Defendant.

8.  Plaintiff also provided her transcripts to show that she has a Master of Science degree in educational administration. She informed the hiring committee that she was already licensed to practice law in California and the state of Washington and had taken the Florida Bar and was awaiting results. Along with this information, Plaintiff also informed the committee that she had published two chapters in a Matthew Bender publication and had done several appeals with written, published opinions.

9.  Soon after submitting all her documents, Plaintiff's application was acknowledged, and she was instructed/ invited to submit a video presentation answering specific questions.

2

Plaintiff followed the instructions and placed tremendous effort into preparing for and creating the video. She submitted the video in time which was acknowledged by an executive assistant to the Defendant's President.

10.     On December 2, 2020, Plaintiff called the Defendant and left a message for Jessica Holley ("Holley"), notifying Holley of Plaintiff's admittance to the State of Florida Bar. Holley later verified the message receipt.

11.     Later, on December 7, 2020, Plaintiff received a phone call from Holley telling her that she was not chosen for the position.  Plaintiff asked for specifics and was told the names of people who were allegedly on the hiring committee. Due to further inquiry, Holley transferred Plaintiff to Mackey. The phone call between the two was very tense and Mackey refused to tell Plaintiff about the chosen candidate. Plaintiff asked if she could schedule an appointment with President Stephenson but was denied.

12.     Further, Mackey was rude to Plaintiff telling her "Obviously the other candidates were better qualified than you. You didn't even get an on-campus interview." It was after this passive aggressive comment when Plaintiff found out that on- campus interviews were part of the hiring process. However, Plaintiff had no way of knowing if anyone truly received an on-campus interview.

13.     After January 1, 2021, Plaintiff learned from a publication that the person hired was Whitney Rutherford ("Rutherford"). After looking into Rutherford's credentials, Plaintiff was appalled to learn that Rutherford did not possess the qualifications listed on the job flyer.

14.     Plaintiff also learned that there is a 42-years of age difference between herself, and Rutherford and that Rutherford did not have any real paid legal experience. As for Plaintiff, she was a practicing attorney, first admitted to the California Bar in 1986, and the Washington Bar in

3

1998. Plaintiff had experience as an adjunct professor, teaching business law and paralegal classes, for several years at several colleges in California while practicing law at the same time. While Plaintiff did not work as an attorney for every single year since 1986, she practiced law for most of those years.

15.     When Plaintiff did her investigation, she found out that Rutherford secured her position based on law school activities and achievements. Plaintiff contends that she has plenty law school activities and achievements that she could have presented to the committee as well but was not aware that such information was relevant. Further, she was not given the opportunity to provide proof of extracurricular participation in law school.

16.     Plaintiff claims that her age is the most significant factor in her denial of employment and that she is not aware of what background check Defendant may have run. Plaintiff was also not considered for part-time job as an adjunct paralegal instructor, even though the school advertised for people to join their pool of available adjuncts.

17.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## AGE DISCRIMINATION

18.     Paragraphs 1 through 17 are realleged and incorporated herein by reference.

19.     This is an action against Defendant for discrimination based upon age brought under Chapter 760, Florida Statutes.

20.     Plaintiff has been the victim of discrimination on the basis of her age in that she was denied employment with Defendant, at least in part, because of her age.

4

21.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

22.     Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.  Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

23.     In essence, the actions of agents of Defendant, including Mackey, Stephenson, Kedrowski, White, Price, and Slator, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

24.     The discrimination complained of herein affected Plaintiff's employment with Defendant.

25.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of Chapter 760, Florida Statutes.

26.     As a direct and proximate result of Defendant's conduct described above, Plaintiff is entitled to prospective injunctive relief including placing her into the position at issue in this case and/or front wages and attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

5

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

6

DATED this 17th day of August 2022.

                                    Respectfully submitted,


                                    /s/ Marie A. Mattox
                                    Marie A. Mattox [FBN 0739685]
                                    MARIE A. MATTOX, P. A.
                                    203 North Gadsden Street
                                    Tallahassee, FL 32301
                                    Telephone:  (850) 383-4800
                                    Facsimile:  (850) 383-4801
                                    Marie@mattoxlaw.com
                                    Secondary emails:
                                    marlene@mattoxlaw.com
                                    michelle@mattoxlaw.com

                                    ATTORNEYS FOR PLAINTIFF

7

**IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR OKALOOSA COUNTY, FLORIDA**

**LINDA DEVORE,**

**CASE NO.:  22-CA-2609 F
FLA BAR NO.: 0739685**

     **Plaintiff,**

v.

**NORTHWEST FLORIDA STATE
COLLEGE,**

     **Defendant.**

_____/

## AMENDED COMPLAINT

Plaintiff, LINDA DEVORE, hereby sues Defendant, NORTHWEST FLORIDA STATE

COLLEGE, and alleges:

### NATURE OF THE ACTION

1.    This is an action brought under Chapter 760, Florida Statutes and 29 U.S.C. §621

et seq. involving claims which are, individually, in excess of Thirty Thousand Dollars

($30,000.00), exclusive of costs and interest.

### THE PARTIES

2.    At all times pertinent hereto, Plaintiff, LINDA DEVORE, has been a resident of

the State of Florida and sought employment by Defendant. Plaintiff is a member of a protected

class due to her age.

3.    At all times pertinent hereto, Defendant, NORTHWEST FLORIDA STATE

COLLEGE, has been organized and existing under the laws of the State of Florida. At all times

pertinent to this action, Defendant has been an "employer" as that term is used under the applicable

laws identified above. Defendant was interviewing for an attorney position and was an applicant for employment with Defendant.

## CONDITIONS PRECEDENT

4.      Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

5.      Plaintiff, who is 70 years of age, sought employment with Defendant for the position of AVP/ General Counsel on or about October 28, 2020, but was not selected in favor of a younger, less qualified candidate.

6.      The disparate treatment came at the hands of specifically but not limited to Executive Director Human Resources & Equity Officer Roberta Mackey ("Mackey"), College President G. Devin Stephenson ("Stephenson"), and Committee Members Christie Kedrowski ("Kedrowski"), Randall White ("White"), Deidre Price ("Price") and Nate Slator ("Slator").

7.      On October 28, 2020, Plaintiff prepared a cover letter and submitted it with other requested materials to the hiring committee at Northwest Florida State College for the position of AVP/General Counsel with Defendant.

8.      Plaintiff also provided her transcripts to show that she has a Master of Science degree in educational administration. She informed the hiring committee that she was already licensed to practice law in California and the state of Washington and had taken the Florida Bar and was awaiting results. Along with this information, Plaintiff also informed the committee that she had published two chapters in a Matthew Bender publication and had done several appeals with written, published opinions.

9.      Soon after submitting all her documents, Plaintiff's application was acknowledged, and she was instructed/ invited to submit a video presentation answering specific questions.

2

Plaintiff followed the instructions and placed tremendous effort into preparing for and creating the video. She submitted the video in time which was acknowledged by an executive assistant to the Defendant's President.

10.     On December 2, 2020, Plaintiff called the Defendant and left a message for Jessica Holley ("Holley"), notifying Holley of Plaintiff's admittance to the State of Florida Bar. Holley later verified the message receipt.

11.     Later, on December 7, 2020, Plaintiff received a phone call from Holley telling her that she was not chosen for the position.  Plaintiff asked for specifics and was told the names of people who were allegedly on the hiring committee. Due to further inquiry, Holley transferred Plaintiff to Mackey. The phone call between the two was very tense and Mackey refused to tell Plaintiff about the chosen candidate. Plaintiff asked if she could schedule an appointment with President Stephenson but was denied.

12.     Further, Mackey was rude to Plaintiff telling her "Obviously the other candidates were better qualified than you. You didn't even get an on-campus interview." It was after this passive aggressive comment when Plaintiff found out that on- campus interviews were part of the hiring process. However, Plaintiff had no way of knowing if anyone truly received an on-campus interview.

13.     After January 1, 2021, Plaintiff learned from a publication that the person hired was Whitney Rutherford ("Rutherford"). After looking into Rutherford's credentials, Plaintiff was appalled to learn that Rutherford did not possess the qualifications listed on the job flyer.

14.     Plaintiff also learned that there is a 42-years of age difference between herself, and Rutherford and that Rutherford did not have any real paid legal experience. As for Plaintiff, she was a practicing attorney, first admitted to the California Bar in 1986, and the Washington Bar in

3

1998. Plaintiff had experience as an adjunct professor, teaching business law and paralegal classes, for several years at several colleges in California while practicing law at the same time.  While Plaintiff did not work as an attorney for every single year since 1986, she practiced law for most of those years.

15.     When Plaintiff did her investigation, she found out that Rutherford secured her position based on law school activities and achievements. Plaintiff contends that she has plenty law school activities and achievements that she could have presented to the committee as well but was not aware that such information was relevant. Further, she was not given the opportunity to provide proof of extracurricular participation in law school.

16.     Plaintiff claims that her age is the most significant factor in her denial of employment and that she is not aware of what background check Defendant may have run. Plaintiff was also not considered for part- time job as an adjunct paralegal instructor, even though the school advertised for people to join their pool of available adjuncts.

17.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## AGE DISCRIMINATION- ADEA

18.     Paragraphs 1 through 17 are realleged and incorporated herein by reference.

19.     This is an action against Defendant for discrimination based upon age brought under 29 U.S.C. §621 et seq.

20.     Plaintiff has been the victim of discrimination on the basis of her age in that she was denied employment with Defendant, at least in part, because of her age.

4

21.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

22.     Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

23.     In essence, the actions of agents of Defendant, including Mackey, Stephenson, Kedrowski, White, Price, and Slator, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

24.     The discrimination complained of herein affected Plaintiff's employment with Defendant.

25.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age.

26.     As a direct and proximate result of Defendant's conduct described above, Plaintiff is entitled to prospective injunctive relief including placing her into the position at issue in this case and/or front wages and attorneys' fees.

## COUNT I
## AGE DISCRIMINATION- CHAPTER 760, FLORIDA STATUTES

27.     Paragraphs 1 through 17 are realleged and incorporated herein by reference.

28.     This is an action against Defendant for discrimination based upon age brought under Chapter 760, Florida Statutes.

5

29.     Plaintiff has been the victim of discrimination on the basis of her age in that she was denied employment with Defendant, at least in part, because of her age.

30.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

31.     Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

32.     In essence, the actions of agents of Defendant, including Mackey, Stephenson, Kedrowski, White, Price, and Slator, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

33.     The discrimination complained of herein affected Plaintiff's employment with Defendant.

34.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age.

35.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have

6

occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

        (a)    that process issue and this Court take jurisdiction over this case;

        (b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

        (c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

        (d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

        (e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

        (f)    award Plaintiff interest where appropriate; and

        (g)    grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

7

DATED this 28th day of August 2022.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

8